IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| WESLEY D. LUBBES, | No. CV 05-880-MO |
| Plaintiff, | OPINION AND ORDER ON PLAINTIFF'S WAGE LOSS CLAIM |
| v. | |
| RSG FOREST PRODUCTS, INC., | |
| Defendant. | |

**MOSMAN, J.,**

    Last November, plaintiff prevailed in a jury trial on his claim of discriminatory firing. He also has a state law claim for lost wages, which was tried to the court. On December 19, 2006, the court took additional evidence on that claim, and has since received supplemental briefing. I now find that plaintiff is not entitled to recover lost wages, because he would have been unable to work even if he had not been fired, and because he failed to mitigate his damages.

### THE RELEVANT TIME PERIOD

    There is some dispute about the time period for which plaintiff can seek lost wages. Both sides now appear to agree that plaintiff cannot recover front pay; the dispute is over the time period covered by back pay. Plaintiff wants to damages from the time of the firing (July 8, 2004)

PAGE 1 - OPINION AND ORDER ON PLAINTIFF'S WAGE LOSS CLAIM

to the time of trial (November 6, 2006), which happens to be the way back pay would be measured under Title VII.  Defendant correctly points out that the Oregon legislature, in Or. Rev. Stat. § 659A.885(1), limits back pay to a period two years backward from the date of the filing of the complaint.  Here, this would allow back pay from the date of termination to the filing date of June 15, 2005.

Plaintiff does not contest the back pay time limit under Oregon law, but points out that the statutory scheme creates a gap between the filing date, when back pay ends, and the time of trial, when front pay begins.  He further contends that the gap can be covered by recalling that back pay and front pay are just subsets of the larger concept of compensatory damages, and that defendant has long been on notice that plaintiff is seeking compensatory damages--whether labeled back pay or not--for the time from firing to trial.

I find, as the parties seem to agree, that back pay in this case is limited to the period from July 8, 2004 to June 15, 2005.  I further find it appropriate to analyze whether plaintiff is entitled to compensatory damages for the period from June 15, 2005 to November 6, 2006.

## MEDICAL EXPENSES

Plaintiff also seeks to recover unreimbursed medical expenses.  His itemized list of special damages, filed October 2, 2006, sought $12,757.10 in lost medical benefits, calculated using the monthly cost of the medical insurance defendant provided plaintiff while he worked there.  Prior to trial, defendant argued that plaintiff could not recover for lost insurance benefits unless he replaced those benefits with his own insurance or incurred actual expenses as the result of not having insurance.  *See Galindo v. Stoody Co.*, 793 F.2d 1502, 1517 (9th Cir. 1986).  There was no evidence at the jury trial of replacement insurance, and minimal evidence of out of pocket expenses.  *See* Pl.'s Trial Ex. 523, a Safeway pharmacy bill covering March 2006 for $2,906.39.  After the jury trial, plaintiff sent defendant notice of intent to seek out of pocket expenses from termination to trial of $11,806.11, and gave copies of the bills on which he relies.

Defendant complains that plaintiff never previously made a claim for unreimbursed

PAGE 2 - OPINION AND ORDER ON PLAINTIFF'S WAGE LOSS CLAIM

medical benefits, with the result that there was no discovery, no pretrial identification of testimony or exhibits, and no notice, until after the jury trial and just before a court hearing on this matter, of such a claim. It claims prejudice in its inability to verify or otherwise investigate these amounts. With the exception of the amount reflected in Exhibit 523, I agree. Accordingly, I grant in part and deny in part plaintiff's request for such expenses. Out of pocket expenses in the amount of $2,906.39 are allowed.

## COMPENSATORY DAMAGES

As an initial matter, I find, consistent with the jury's verdict, that defendant had an unlawful discriminatory motive in firing plaintiff. He is therefore entitled to seek compensatory damages.

Whether plaintiff is entitled to back pay for the relevant time period turns in large measure on whether he could have worked even if he had not been fired. Plaintiff agrees he may not recover wage losses for any period in which he was unable to work. And, there is no dispute plaintiff had serious back pain during this entire period. The issue is whether he was totally disabled, as defendant contends, or whether he was available for light work, as plaintiff contends. The burden is on plaintiff to establish he is entitled to compensatory damages, including back pay.

I find plaintiff was essentially unable to work during the period for which back pay is available. He relies principally on the testimony of Dr. Barich, who released him for light duty after plaintiff had gone to the emergency room on July 1, 2004. Dr. Barich testified at trial and reiterated his opinion that plaintiff could have engaged in light duty work. But that conclusion is inconsistent with the great weight of other trial evidence. It is flatly inconsistent, for example, with many of plaintiff's descriptions of his condition--descriptions given over the course of time, from 2004 through trial. He described himself on various occasions as being in tremendous pain, such that he did not think he could work. He was on heavy doses of pain medication, and testified that all he could do much of the time was sit on the couch and watch TV. These

descriptions match the physical impression plaintiff gave at trial (and at a variety of other hearings) of a man barely able to function.

Added to this mix is the hypothetical question of surgery. Plaintiff's contention is that he would have sought surgery in the summer of 2004 if he had not been terminated and lost his insurance. He then postulates that his claim for lost wages should therefore be reduced by the three month recovery from such surgery. But the actual testimony was that recovery from back surgery would have cost plaintiff from three to twelve months. Because the burden is on plaintiff to establish these damages, and because plaintiff has given no reason to select the lowest end of the prognosis, I conclude that up to twelve months should be deducted from his claim for back pay for recovery from this hypothetical surgery. Of course, twelve months exceeds the entire allowable period for back pay.

For these reasons, I find that plaintiff is not entitled to back pay.

Plaintiff also contends he is entitled to compensatory damages for the "gap"--the period from the filing of the complaint to the time of trial. This gap differs from the initial twelve months in this way: while the reasons given above for finding plaintiff unable to work are present throughout the entire time up through trial, the surgery recover period, even at its longest, would come to an end about the time the gap begins. As I have just suggested, I find that plaintiff was essentially unable to work up through the time of trial. In addition to the reasons given above, I note that plaintiff has not been able to get work since he was fired. I also note that the obvious pain he has been in at every hearing would make it nearly impossible to get hired. This near total disability would render him incapable of working from the date of termination through trial.

But even if I were to take plaintiff at his word, that he is capable of light duty, I would then have to find defendant has met its burden of showing he has failed to mitigate his damages. I credit the testimony of Mr. Lipnicki on this point. While there were minor mistakes, such as incorrectly describing where defendant lived, he focused on the correct general area (including nearby areas of Washington) and the right kind of work. He also took note of things any

reasonable person in plaintiff's position should have done, that this plaintiff did not do. Plaintiff's job search was sporadic, haphazard and unfocused, and lacked any serious attention to the important task of obtaining substitute employment. As I have suggested, this may have been because plaintiff was not, in fact, able to work. But if he was, he failed to make the kind of reasonable effort incumbent on someone in his position to get another job.

## CONCLUSION

For the reasons given above, I find against plaintiff on his state law claim for lost wages and related compensatory damages.

DATED this  14th  day of February, 2007.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge